BYRNES, Judge.
Defendant was convicted of cruelty to juveniles, a violation of R.S. 14:93 and sentenced to eighteen months in Parish Prison. This sentence was suspended and defendant was placed on three years active probation with special conditions. Defendant has appealed her conviction, assigning as error the sufficiency of the evidence against her.
STATEMENT OF FACTS
On March 2,1981, at approximately 10:00 a.m. the defendant’s sister, Ms. Trivia Wicks, left her four-month old son, Larry Donwell, in the defendant’s care at 6 Mars Place (or Court) where the defendant and her sister resided. Later that day, Ms. Linda Billups, a Human Service worker, investigated a claim of neglect at this address. She found six children present, the oldest was seven years old and the youngest (the alleged victim in this case) was four months old. The house was dirty and in disorder. The milk in the baby’s (the alleged victim’s) bottle was nearly sour and there was no other food in the house suitable for the baby.
Detective Joan Charles of the NOPD Child Abuse Division also investigated this residence. She found the alleged victim lying on a urine soaked mattress with a bottle containing nearly sour milk. The cloth the baby was wearing was wet. She also discovered human feces on a kitchen chair and in the bathroom.
ERRORS PATENT
We have reviewed the record for errors patent and find errors.
SUFFICIENCY OF EVIDENCE
At the time of the offense, R.S. 14:93 provided:
Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child’s age shall not be a defense.
Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars, or imprisoned for not more than two years, with or without hard labor, or both.
Due process is not satisfied, and a conviction cannot stand unless the State proves the essential elements of the crime beyond a reasonable doubt. State v.- Trosclair, 443 So.2d 1098 (La.1983). Applying this principle to the present case, the state was required to prove:
1. That the defendant was over the age of seventeen;
2. That the victim was under the age of seventeen;
3. That the victim was caused unjustifiable pain or suffering; and
4. That the defendant intentionally mistreated or neglected the victim, or
5. That the defendant was criminally negligent in her mistreatment or neglect of the child.
State v. Green, 449 So.2d 141 (La.App. 4th Cir.1984).
The record reveals that no evidence was presented at trial establishing that the defendant was over the age of seventeen. Because the State failed to prove this essential element of the crime, we must reverse defendant’s conviction.
REVERSED.